# IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

RENAL TREATMENT
CENTERS—CALIFORNIA, INC.
D/B/A DAVITA CONCORD
DIALYSIS CENTER,

        *Petitioner*,

   v.

NATIONAL LABOR RELATIONS
BOARD,

        *Respondent*.

No. _____

## PETITION FOR REVIEW

Petitioner Renal Treatment Centers—California, Inc. d/b/a DaVita Concord Dialysis Center ("DaVita") petitions this Court under Federal Rule of Appellate Procedure 15(a) for review of the Decision and Order of the National Labor Relations Board, entered July 27, 2026, in NLRB case no. 32–CA–347702, including the underlying rulings in NLRB case no. 32–RC–337328.  A copy of the Decision and Order is attached as Exhibit A.

This Court has jurisdiction because the Decision and Order of the National Labor Relations Board is a final order within the meaning of 29

U.S.C. § 160(f) of the National Labor Relations Act, and DaVita is an aggrieved person.  Venue properly lies in this Court under 29 U.S.C. § 160(f) because DaVita resides and transacts business within the geographical boundaries of this Circuit.

Because the Board's Decision and Order is contrary to law, DaVita respectfully requests that the Court grant the petition, review the Board's Decision and Order of the National Labor Relations Board, set it aside, and grant DaVita any further relief which the Court deems just and equitable.

Dated: August 4, 2026

Respectfully submitted,

s/ Michael E. Kenneally
MICHAEL E. KENNEALLY
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC  20004
T.  202.739.5893
F.  202.739.3001
michael.kenneally@morganlewis.com

*Counsel for Petitioner Renal Treatment Centers—California, Inc. d/b/a DaVita Concord Dialysis Center*

2

# EXHIBIT A

NOTICE: This opinion is subject to formal revision before publication in the bound volumes of NLRB decisions. Readers are requested to notify the Executive Secretary, National Labor Relations Board, Washington, D.C. 20570, of any typographical or other formal errors so that corrections can be included in the bound volumes.

**Renal Treatment Centers—California, Inc. d/b/a Davita Concord Dialysis Center *and* Service Employees International Union, United Healthcare Workers—West.** Case 32–CA–347702

July 27, 2026

DECISION AND ORDER

BY CHAIRMAN MURPHY AND MEMBERS PROUTY AND MAYER

This is a refusal-to-bargain case in which Renal Treatment Centers—California, Inc. d/b/a DaVita Concord Dialysis Center (the Respondent) is contesting the certification of Service Employees International Union, United Healthcare Workers—West (the Union) as bargaining representative in the underlying representation proceeding. Pursuant to a charge filed on August 2, 2024, by the Union, the General Counsel issued a complaint on March 27, 2026, alleging that the Respondent has violated Section 8(a)(5) and (1) of the Act by failing and refusing to recognize and bargain with the Union following the Uni-

on's certification in Case 32–RC–337328.[1] (Official notice is taken of the record in the representation proceeding as defined in the Board's Rules and Regulations, Sections 102.68 and 102.69(d). *Frontier Hotel*, 265 NLRB 343 (1982).) The Respondent filed an answer admitting in part and denying in part the allegations in the complaint and asserting affirmative defenses.

On May 8, 2026, the General Counsel filed a Motion for Summary Judgment. On May 13, 2026, the Board issued an Order Transferring the Proceeding to the Board and a Notice to Show Cause why the motion should not be granted. On June 10, 2026, the Respondent filed a response to the Notice to Show Cause. On June 24, 2026, the General Counsel and the Union filed replies to the Respondent's response.

Ruling on Motion for Summary Judgment

The Respondent admits that it has refused to bargain but asserts that it has no duty to bargain and contests the validity of the Union's certification of representative based on its contention, raised and rejected in the underlying representation proceeding, that the Regional Director erred in directing an election in a single-facility unit, and on its objections to the election.[2]

---

[1] The Respondent's answer denies knowledge or information sufficient to form a belief concerning the date the Union filed the charges, but admits that it received a copy of the charge. A copy of the charge and of the affidavit of service of the charge are included in the documents supporting the General Counsel's motion, and the Respondent does not refute the authenticity of these documents.

[2] In its answer, the Respondent only partially admits a number of complaint allegations (e.g., pars. 6(a), 6(b), 6(e), 6(g), 6(h), 6(g), 6(k)), while admitting that the General Counsel's exhibits, attached to her Motion to support those complaint allegations, are "written document[s], the terms of which speak for themselves." We rely on the uncontested exhibits. The Respondent's partial responses to those paragraphs do not create any issues which would preclude granting summary judgment.

In addition, the Respondent denies par. 6(l) of the complaint, which states that at all times since May 17, 2024, based on Sec. 9(a) of the Act, the Union has been the exclusive collective-bargaining representative of the unit. The Respondent denies par. 7(f), which alleges that since about May 17, 2024, and continuing to date, the Respondent has failed and refused to recognize and bargain with the Union as the exclusive collective-bargaining representative of the unit. The Respondent denies pars. 8 and 9, which state that the Respondent's failure to recognize and bargain with the Union violates Sec. 8(a)(5) and (1) of the Act, and that its unfair labor practices affect commerce within the meaning of Sec. 2(6) and (7) of the Act. The Respondent also asserts, as an affirmative defense and in its response to the Notice to Show Cause, that the Respondent did not fail or refuse to bargain in violation of Section 8(a)(5)**.** The appropriateness of the single-facility unit, the Respondent's objections to the election, and all other representation issues were, or could have been, fully litigated in the underlying representation proceeding. Accordingly, we conclude that the Respondent's denials of the allegations in pars. 6(l), 7(f), 8, and 9 of the complaint, its third affirmative defense, and its response to the Notice to Show Cause do not raise any issues warranting a hearing. We do, however, correct the date since which the Union has been the exclusive collective-bargaining representative of the unit to July

8, 2024, the date on which the Regional Director issued the corrected certification of representative. We also correct the date since which the Respondent has failed and refused to recognize and bargain with the Union as the exclusive collective-bargaining representative of the unit to July 23, 2024, which is the date of the Respondent's earliest correspondence stating that it declined to bargain with the Union.

The Respondent asserts as an affirmative defense and in its response to the Notice to Show Cause that summary judgment would be inappropriate in light of pending motions, including a petition to revoke the certification filed in the Region on August 13, 2024, and a motion for reconsideration of the Board's order denying review of the Decision and Direction of Election filed with the Board on March 28, 2025. The Respondent's petition to revoke the certification is moot; the Board upheld that certification in its order dated February 20, 2026. Further, the Board denied the motion for reconsideration on June 30, 2026. Accordingly, the Board has fully considered and ruled on all issues in the underlying representation proceeding.

As an affirmative defense and in its response to the Notice to Show Cause, the Respondent also argues that Cases 32–CA–347489 and 32–CA–355567, filed by the Union on July 31 and November 20, 2024, respectively, must be consolidated with the instant case under *Jefferson Chemical Co.*, 200 NLRB 992 (1972), and *Peyton Packing Co., Inc*, 129 NLRB 1358 (1961). The General Counsel has issued a complaint in Case 32–CA–347489, which alleges that the Respondent violated Section 8(a)(1) by refusing to allow an employee a Union representative during an investigatory interview and violated Sec. 8(a)(3) and (1) by discharging the employee for refusing to participate in the interview. Case 32–CA–355567, which involves allegations of unilateral changes, is being held in abeyance pending the disposition of the instant case. The General Counsel is neither trying to "twice litigate the same act or conduct as a violation of different sections of the Act," nor "to relitigate the same charges in different cases." *Serv. Emps. Union, Loc. 87*, 324 NLRB 774, 775 (1997) (citing *NLRB v. Plaskolite, Inc.*, 309 F.2d 788, 790 (6th Cir. 1962). Accordingly, it is within the General Counsel's prosecutorial

2                          DECISIONS OF THE NATIONAL LABOR RELATIONS BOARD

All representation issues raised by the Respondent were or could have been litigated in the prior representation proceeding. The Respondent does not offer to adduce at a hearing any newly discovered and previously unavailable evidence, nor has it established any special circumstances that would require the Board to reexamine the decision made in the representation proceeding. We therefore find that the Respondent has not raised any representation issue that is properly litigable in this unfair labor practice proceeding. See *Pittsburgh Plate Glass Co. v. NLRB*, 313 U.S. 146, 162 (1941). Accordingly, we grant the Motion for Summary Judgment.[3]

On the entire record, the Board makes the following

FINDINGS OF FACT

I. JURISDICTION

At all material times, the Respondent has been a Delaware corporation and a subsidiary of DaVita, Inc., with an office and place of business in Concord, California, and has been operating a medical clinic providing renal care.

In conducting its business operations described above, during the 12-month period ending March 1, 2025, a representative period, the Respondent derived gross revenue in excess of $250,000, and purchased and received goods at its Concord facility valued in excess of $5000, directly from points outside the State of California.

We find that the Respondent is an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act, and has been a health care institution within the meaning of Section 2(14) of the Act. We further find that the Union is a labor organization within the meaning of Section 2(5) of the Act.

I. ALLEGED UNFAIR LABOR PRACTICES

*A. The Certification*

Following an election conducted by secret ballot on May 16 and May 17, 2024, the Regional Director issued a Corrected Certification of Representative in Case 32–R–C–337328 on July 8, 2024, certifying the Union as the exclusive collective-bargaining representative of the employees in the following appropriate unit:[4]

> All full-time, regular part-time, and eligible per diem Registered Nurses ICHDs, Registered Nurse PDs, Registered Nurse HHDs, Clinical Coordinator ICHDs, Clinical Coordinator PDs, Administrative Assistants, Licensed Practical Nurse ICHDs, Licensed Practical Nurse PDs, Licensed Vocational Nurse ICHDs, Licensed Vocational Nurse PDs, Patient Care Technician ICHDs, Patient Care Technician PDs, and Patient Care Technician HHDs employed by the Employer at or from its 1225 Willow Pass Rd., Concord, California facility, but excluding all other employees, nonprofessional employees, float pool employees, Social Workers, Dieticians, Biomedical Services Specialists, confidential employees, guards, and supervisors as defined in the Act.

---

discretion to decide whether to consolidate these cases. Id. Thus, neither the representation case motions, nor the pending unfair labor practice cases preclude granting summary judgment.

We find no merit to the constitutional claims raised in the Respondent's answer. As to its arguments that Board member and administrative law judge insulation from presidential oversight, coupled with the Board Members' exercise of executive authority, violates Article II of the Constitution, there is no evidence that the Respondent suffered any harm from the Act's removal protections. See *SJT Holdings, Inc.*, 372 NLRB No. 82, slip op. at 1 fn. 4 (2023) (citing *Collins v. Yellen*, 594 U.S. 220, 257–258 (2021), and *Calcutt v. FDIC*, 37 F.4th 293, 316 (6th Cir. 2022), rev'd per curiam on other grounds 598 U.S. 623 (2023)); *K & R Contractors, LLC v. Keene*, 86 F.4th 135, 148–149 (4th Cir. 2023) ("[R]egardless of how we answer the constitutional question presented by the removal provisions, we would be required to deny the petition because K & R has not asserted any harm resulting from the allegedly unconstitutional statutes.").

The Respondent asserts in its answer that a hearing in this matter would violate its right to a jury trial under the Seventh Amendment to the Constitution. This argument is unpersuasive. The Supreme Court has considered, and rejected, that the Act implicates the Seventh Amendment. See *NLRB v. Jones & Laughlin Steel Corp.*, 301 U.S. 1, 48–49 (1937); see also *Atlas Roofing Co. v. OSHRC*, 430 U.S. 442, 453–455 (1977) (reaffirming that the Act created a public right and that Congress could therefore assign the adjudication of that right to the Board without violating the Seventh Amendment).

The Respondent pleads as an affirmative defense and argues in its response to the Notice to Show Cause that the Board lacks the authority to impose the remedies sought by the General Counsel. Section 10(c) of the Act provides that the Board may issue "an order requiring such person to cease and desist from such unfair labor practice, and to take such affirmative action . . . as will effectuate the policies" of the Act. We order a standard remedy for a technical refusal to bargain here, and decline to reconsider our longstanding precedent that the Respondent's duty to bargain attaches once the certification issues. See *NP Palace LLC*, 368 NLRB No. 148, slip op. at 5 & fn. 16 (2019) (citing cases), *enforced*, 1 F.4th 12, 13 (D.C. Cir. 2021).

Finally, the Respondent pleads that the complaint fails to state a claim upon which relief can be granted and that no remedy is appropriate because the Respondent has not committed an unfair labor practice. The Respondent has not, however, offered any explanation or evidence to support these bare assertions. Thus, we find these affirmative defenses insufficient to warrant denial of the General Counsel's Motion for Summary Judgment. See, e.g., *Sysco Central California, Inc.*, 371 NLRB No. 95, slip op. at 1 fn. 1 (2022); *Station GVR Acquisition, LLC d/b/a Green Valley Ranch Resort Spa Casino*, 366 NLRB No. 58, slip op. at 1 fn. 1 (2018), enfd. sub nom. *Operating Engineers Local 501 v. NLRB*, 949 F.3d 477 (9th Cir. 2020).

[3] The Respondent's request that the complaint be dismissed is therefore denied.

[4] The initial certification of representative, issued on July 5, 2024, inadvertently certified the Union as the collective bargaining agent of separate professional and non-professional units. The tally of ballots showed that the professional employees voted for inclusion in the non-professional unit.

RENAL TREATMENT CENTERS—CALIFORNIA, INC. D/B/A DAVITA CONCORD DIALYSIS CENTER   3

On September 26, 2024, the Board denied the Respondent's request for review of the Regional Director's Decision and Direction of Election.[5]  On February 20, 2026, the Board denied the Respondent's request for review of the Acting Regional Director's Decision on Election Objections and Certification of Representative.  On June 30, 2026, the Board denied the Respondent's Motion for Reconsideration and to Reopen the Record.  The Union continues to be the exclusive collective-bargaining representative of the unit employees under Section 9(a) of the Act.

### B.  Refusal to Bargain

On about July 11, 2024, February 12, 2025, and March 18, 2026, the Union requested that the Respondent bargain with the Union as the exclusive collective-bargaining representative of the unit.  Since about July 23, 2024, and continuing to date, the Respondent has failed and refused to recognize and bargain with the Union as the exclusive collective-bargaining representative of the unit.[6]

We find that the Respondent's conduct constitutes an unlawful failure and refusal to recognize and bargain with the Union in violation of Section 8(a)(5) and (1) of the Act.

### CONCLUSION OF LAW

By failing and refusing since about July 23, 2024, to recognize and bargain with the Union as the exclusive collective-bargaining representative of the employees in the appropriate unit, the Respondent has engaged in unfair labor practices affecting commerce within the meaning of Section 8(a)(5) and (1) and Section 2(6) and (7) of the Act.

### REMEDY

Having found that the Respondent has violated Section 8(a)(5) and (1) of the Act, we shall order it to cease and desist, to bargain on request with the Union and, if an understanding is reached, to embody the understanding in a signed agreement.

To ensure that the employees are accorded the services of their selected bargaining agent for the period provided by law, we shall construe the initial period of the certification as beginning on the date the Respondent begins to bargain in good faith with the Union.  *Mar-Jac Poultry Co.*, 136 NLRB 785 (1962), accord *Burnett Construction Co.*, 149 NLRB 1419, 1421 (1964), enfd. 350 F.2d 57 (10th Cir. 1965); *Lamar Hotel*, 140 NLRB 226, 229 (1962), enfd. 328 F.2d 600 (5th Cir. 1964), cert. denied 379 U.S. 817 (1964).[7]

### ORDER

The National Labor Relations Board orders that the Respondent, Renal Treatment Centers—California, Inc. d/b/a, DaVita Concord Dialysis Center, Concord, California, its officers, agents, successors, and assigns, shall

1.  Cease and desist from

(a)  Failing and refusing to recognize and bargain with Service Employees International Union, United Healthcare Workers—West (the Union) as the exclusive collective-bargaining representative of the employees in the bargaining unit.

(b)  In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

2.  Take the following affirmative action necessary to effectuate the policies of the Act.

(a)  On request, bargain with the Union as the exclusive collective-bargaining representative of the employees in the following appropriate unit concerning terms and conditions of employment and, if an understanding is reached, embody the understanding in a signed agreement:

> All full-time, regular part-time, and eligible per diem Registered Nurses ICHDs, Registered Nurse PDs, Registered Nurse HHDs, Clinical Coordinator ICHDs, Clinical Coordinator PDs, Administrative Assistants, Licensed Practical Nurse ICHDs, Licensed Practical Nurse PDs, Licensed Vocational Nurse ICHDs, Licensed Vocational Nurse PDs, Patient Care Technician ICHDs, Patient Care Technician PDs, and Patient Care Technician HHDs employed by the Employer at or from its 1225 Willow Pass Rd., Concord, California facility,

---

[5]  Chairman Murphy and Member Mayer did not participate in the September 26, 2024 Board order.  Nevertheless, they find that the Respondent has not raised any litigable issue in this unfair labor practice proceeding and that summary judgment is appropriate, with the parties retaining their respective rights to litigate relevant issues on appeal.

[6]  The Respondent also denies pars. 7(b) and 7(d) of the complaint, which allege that about July 23, 2024, and February 14, 2025, the Respondent, in writing, declined to recognize and bargain with the Union.  Copies of the letters from the Respondent's counsel declining to recognize and bargain with the Union are included in the documents supporting the General Counsel's motion, and the Respondent does not refute the authenticity of these documents.

[7]  The General Counsel and the Union's requests for additional remedies are denied, as the Board's traditional remedies are sufficient to remedy the unfair labor practice found herein.

For the reasons stated in his dissent in *Longmont United Hospital*, 374 NLRB No. 52, slip op. at 3 (2026), and his concurrence in *CP Anchorage Hotel 2 d/b/a Hilton Anchorage*, 371 NLRB No. 151 (2022), enfd. 98 F.4th 314 (D.C. Cir. 2024), and in order to effectuate Sec. 10(c) of the Act, Member Prouty would grant the General Counsel's request for a notice mailing and the Union's request for a notice reading, and he would further order that the notice be distributed to employees before it is read.  He would order that the notice be read by a responsible Respondent official or by a Board agent in the presence of a Respondent official.  While he reiterates his view that notice reading and distribution should be standard for all unfair labor practices found by the Board, he also notes that these remedies are particularly appropriate where, as here, employees have been deprived of the benefit of their chosen representative because of the Respondent's unlawful refusal to bargain.

4            DECISIONS OF THE NATIONAL LABOR RELATIONS BOARD

but excluding all other employees, nonprofessional employees, float pool employees, Social Workers, Dieticians, Biomedical Services Specialists, confidential employees, guards, and supervisors as defined in the Act.

(b) Within 14 days after service by the Region, post at its Concord, California facility copies of the attached notice marked "Appendix."[8] Copies of the notice, on forms provided by the Regional Director for Region 32, after being signed by the Respondent's authorized representative, shall be posted by the Respondent and maintained for 60 consecutive days in conspicuous places, including all places where notices to employees are customarily posted. In addition to physical posting of paper notices, notices shall be distributed electronically, such as by email, posting on an intranet or an internet site, and/or other electronic means, if the Respondent customarily communicates with its employees by such means. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material. If the Respondent has gone out of business or closed the facility involved in these proceedings, the Respondent shall duplicate and mail, at its own expense, a copy of the notice to all current employees and former employees employed by the Respondent at any time since July 23, 2024.

(c) Within 21 days after service by the Region, file with the Regional Director for Region 32 a sworn certification of a responsible official on a form provided by the Region attesting to the steps that the Respondent has taken to comply.

Dated, Washington, D.C. July 27, 2026

_____
James R. Murphy,            Chairman


_____
David M. Prouty,            Member


_____
Scott A. Mayer,            Member

(SEAL)       NATIONAL LABOR RELATIONS BOARD

### APPENDIX

### NOTICE TO EMPLOYEES

POSTED BY ORDER OF THE
NATIONAL LABOR RELATIONS BOARD
An Agency of the United States Government

The National Labor Relations Board has found that we violated Federal labor law and has ordered us to post and obey this notice.

FEDERAL LAW GIVES YOU THE RIGHT TO

Form, join, or assist a union
Choose representatives to bargain with us on your behalf
Act together with other employees for your benefit and protection
Choose not to engage in any of these protected activities.

WE WILL NOT fail and refuse to recognize and bargain with Service Employees International Union, United Healthcare Workers—West (the Union) as the exclusive collective-bargaining representative of our employees in the bargaining unit.

WE WILL NOT in any like or related manner interfere with, restrain, or coerce you in the exercise of the rights listed above.

WE WILL, on request, bargain with the Union and put in writing and sign any agreement reached on terms and conditions of employment for our employees in the following appropriate bargaining unit:

All full-time, regular part-time, and eligible per diem Registered Nurses ICHDs, Registered Nurse PDs, Registered Nurse HHDs, Clinical Coordinator ICHDs, Clinical Coordinator PDs, Administrative Assistants, Licensed Practical Nurse ICHDs, Licensed Practical Nurse PDs, Licensed Vocational Nurse ICHDs, Licensed Vocational Nurse PDs, Patient Care Technician ICHDs, Patient Care Technician PDs, and Patient Care Technician HHDs employed by the Employer at or from its 1225 Willow Pass Rd., Concord, California facility, but excluding all other employees, nonprofessional employees, float pool employees, Social Workers, Dieticians, Biomedical Services Specialists, confidential employees, guards, and supervisors as defined in the Act.

RENAL TREATMENT CENTERS – CALIFORNIA, INC.
D/B/A DAVITA CONCORD DIALYSIS CENTER

The Board's decision can be found at www.nlrb.gov/case/ 32-CA-347702 or by using the QR code below. Alternatively, you can obtain a copy of the

---

[8] If this Order is enforced by a judgment of a United States court of appeals, the words in the notice reading "Posted by Order of the National Labor Relations Board" shall read "Posted Pursuant to a Judgment of the United States Court of Appeals Enforcing an Order of the National Labor Relations Board."

RENAL TREATMENT CENTERS—CALIFORNIA, INC. D/B/A DAVITA CONCORD DIALYSIS CENTER    5

decision from the Executive Secretary, National Labor Relations Board, 1015 Half Street, S.E., Washington, D.C. 20570, or by calling (202) 273-1940.



## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit using the appellate CM/ECF system, and a true and correct copy of the foregoing Petition for Review, with attachments, was served by FedEx overnight delivery and email on:

Ruth E. Burdick
Deputy Associate General Counsel
Appellate and Supreme Court
   Litigation Branch
National Labor Relations Board
1015 Half Street, SE
Washington, DC 20570
ruth.burdick@nlrb.gov
appellatecourt@nlrb.gov

In addition, and in accordance with 29 C.F.R. § 101.14, petitioner will ensure that the Board receives, by service upon its Deputy Associate General Counsel of the Appellate Court Branch, a court-stamped copy of the petition with the date of filing.

I further hereby certify that on August 4, 2026, a true and correct copy of the foregoing Petition for Review, with attachments, was served by FedEx overnight delivery and email on counsel for each other party admitted to participate in the agency proceedings:

Christy J. Kwon, Regional Director
National Labor Relations Board –
   Region 32
1301 Clay Street, Suite 1510N
Oakland, CA 94612
christy.kwon@nlrb.org

Roxanne Rothschild, Executive
   Secretary
National Labor Relations Board
1015 Half Street SE
Washington, D.C. 20570
roxanne.rothschild@nlrb.gov

Michelle Calcany Blair
Weinberg, Roger & Rosenfeld
1375 55th Street
Emeryville, CA 94608
mcalcanyblair@unioncounsel.net
nlrbnotices@unioncounsel.net

William Hanley
Weinberg, Roger & Rosenfeld
800 Wilshire Blvd., Suite 1020
Los Angeles, CA 90017
whanley@unioncounsel.net

*Counsel for Service Employees
International Union, United
Healthcare Workers—West*

Dated: August 4, 2026

s/ Michael E. Kenneally
MICHAEL E. KENNEALLY

*Counsel for Petitioner Renal
Treatment Centers—California, Inc.
d/b/a DaVita Concord Dialysis
Center*